70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Stephen Franklin WHITE, Defendant-Appellee.
 No. 95-5378.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1995.
 
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge; and Joiner, District Judge.*
 PER CURIAM.
 
 
 1
 Based on an informant's tip, officers of the Shelby County Sheriff's Department searched defendant Stephen White's mobile home and found 667 grams of marijuana and a pistol. Charged with possession of marijuana with intent to distribute and the use or carrying of a firearm during and in relation to a drug trafficking offense, White filed a motion to suppress evidence obtained during the search of his home. The district court granted White's motion, finding that the officers violated the knock and announce rule, recently held by the Supreme Court to be part of the reasonableness requirement of the Fourth Amendment. On appeal, the government contends only that exigent circumstances excused the officers' failure to comply with the knock and announce rule. We disagree, and therefore affirm the district court's order.
 
 I.
 
 2
 Two evidentiary hearings were held on White's motion to suppress, the first before a magistrate judge, and the second before the district judge on review of the government's objections to the magistrate judge's recommendation that White's motion be granted. Both the magistrate judge and the district judge found that the officers conducting the search had not knocked and announced their presence prior to breaking in the door to White's mobile home. The government does not challenge this factual finding, and it is thus unnecessary to recount in detail the testimony on which it was based.
 
 
 3
 Briefly, the officers obtained a search warrant from a Tennessee magistrate based on information that White had been selling marijuana from his mobile home. The officers also had been told that White possessed a Tech-9 semi-automatic pistol. The warrant made no mention of either the pistol or the amount of marijuana allegedly involved. The search took place on a Sunday at 7:45 a.m. White testified that he was drinking coffee in his bedroom when he heard a racket at the front door that sounded like a sledge hammer. It was an otherwise quiet morning, and White did not hear any shouts from the officers preceding the ramming. When they broke through the door, the officers found White holding a loaded pistol, which he dropped at their command.
 
 
 4
 At the hearing before the magistrate judge, Officer Roberts testified that they were concerned that White might destroy the marijuana before they could gain entry. Roberts stated, however, that this concern was based on an assumption they made whenever they executed a search warrant, and that they had no facts to support the assumption they made in this particular case. Roberts also testified that the only reason they did not delay their entry was the "assumption of the evidence being destroyed." At the evidentiary hearing before the district court, Roberts changed his testimony, stating that while they were concerned that White might destroy the evidence, their "primary concern" in deciding to break into the mobile home was the information that White had a Tech-9 pistol.
 
 
 5
 The district court found that the only reason that the officers did not knock and announce their presence prior to breaking down the door to White's mobile home was their assumption that White would destroy the marijuana, and concluded that this assumption did not constitute an exigent circumstance sufficient to excuse the officers' noncompliance with the knock and announce rule. The court also found that Roberts' stated concern regarding the presence of a firearm was not supported by the record, and held that this concern did not justify a deviation from the knock and announce requirement.
 
 II.
 
 6
 This court reviews a district court's factual findings on a motion to suppress for clear error, and reviews its legal conclusions de novo. United States v. Dotson, 49 F.3d 227, 229 (6th Cir.), cert. denied, 64 U.S.L.W. 3243 (1995).
 
 
 7
 As codified in federal law, the knock and announce rule provides that an officer "may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant if, after notice of his authority and purpose, he is refused admittance[.]" 18 U.S.C. Sec. 3109. To like effect is Tenn.R.Crim.P. 41(e):
 
 
 8
 Authority to Break In.--If after notice of his authority and purpose a peace officer is not granted admittance, or in the absence of anyone with authority to grant admittance, a peace officer with a search warrant may break open any door or window of a building or vehicle, or any part thereof, described to be searched in the warrant to the extent that it is reasonably necessary to execute the warrant and does not unnecessarily damage the property.
 
 
 9
 Neither Sec. 3109 nor Rule 41(e) directly determines the outcome in this case, because Sec. 3109 applies only to federal officers,[1] and because the requirements of state law do not govern the outcome of a motion to suppress in federal court.[2] As was recently stated by the Supreme Court, however, the knock and announce principle is an element of the Fourth Amendment's reasonableness inquiry, and thus is applicable to searches conducted by state officers. Wilson v. Arkansas, 115 S.Ct. 1914 (1995). "Given the longstanding common-law endorsement of the practice of announcement, we have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was among the factors to be considered in assessing the reasonableness of a search or seizure." Id. at 1918. A violation of the knock and announce principle will not necessarily render a search unreasonable under the Fourth Amendment, and an unannounced entry may be justified where, e.g., the officers act "under circumstances presenting a threat of physical violence" or "have reason to believe that evidence would likely be destroyed if advance notice were given." Id. at 1919.
 
 
 10
 [W]e leave to the lower courts the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment. We simply hold that although a search or seizure of a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry.
 
 
 11
 Id.
 
 
 12
 The government does not challenge the district court's finding that the officers did not knock and announce their presence prior to breaking down White's door. Thus, the question presented is whether circumstances peculiar to this search made their unannounced entry reasonable under the Fourth Amendment. The government relies on the officers' assumption that White would destroy the marijuana if they announced their presence, and their concern regarding White's possession of a semi-automatic pistol.
 
 
 13
 Exigent circumstances will excuse noncompliance with the knock and announce requirement, and will be found when officers have an objectively reasonable belief that the suspect likely will destroy evidence if they announce their presence, or an objectively reasonable belief that announcement will place them or others in physical peril. United States v. Radka, 904 F.2d 357, 362 (6th Cir.1990); United States v. Nabors, 901 F.2d 1351, 1354 (6th Cir.), cert. denied, 498 U.S. 871 (1990); United States v. Smith, No. 90-4041, 1991 WL 158699, at * 8-9, 1991 U.S.App. LEXIS 19748, at * 27 (6th Cir. Aug. 19, 1991). See also United States v. Spinelli, 848 F.2d 26, 29 (2d Cir.1988) (exigent circumstances exist when officers believe there is an emergency situation and that belief is objectively reasonable). In Nabors, this court stated that noncompliance with the knock and announce rule would not be excused "every time law enforcement personnel suspect that the subject of a search warrant possesses a firearm." Nabors, 901 F.2d at 1354. Nabors cautioned careful scrutiny of future cases in which officers make a forced entry seconds after announcing their authority. Id. at 1355. Undertaking that scrutiny in this case, we conclude that the district court reached the correct result on the facts before it.
 
 
 14
 We find no error in the district court's finding that the officers dispensed with the knock and announce requirement based solely on their assumption that White would destroy the marijuana if they announced their presence. This assumption is one they make whenever they execute a search warrant for controlled substances, and the officers did not identify any facts, peculiar to White, on which they could substantiate their assumption in this case. They heard no sounds from the mobile home before they broke in, and had no information regarding White's past practices or future plans. Moreover, the controlled substance at issue was marijuana, a substance much more difficult to dispose of quickly than, e.g., cocaine, heroin or LSD. On these facts, the district court did not err in finding that the officers did not have an objectively reasonable belief that the destruction of evidence was imminent.
 
 
 15
 Likewise, we find no error in the court's conclusion that the officers did not act out of a concern regarding White's possession of a firearm. Moreover, even if the officers had subjectively believed that White's possession of a firearm posed a threat of physical peril, that belief would excuse their violation of the knock and announce requirement only if it were an objectively reasonable belief. We are provided no facts on which such a determination could be made. The officers had no information that, e.g., White was a felon, had engaged in or threatened violence in the past, was trafficking in sufficient quantities of controlled substances such that there was a likelihood of violence, or conducted himself in a manner indicating that he expected violence and would respond in kind. Thus, the government did not demonstrate that the officers held an objectively reasonable belief that White posed a threat to physical safety.
 
 
 16
 We conclude that there were no exigent circumstances justifying the officers' disregard of the knock and announce requirement, and AFFIRM the district court's order.
 
 
 17
 KENNEDY, Circuit Judge, concurring.
 
 
 18
 The government's appellate position in this case seems to me to ask for an advisory opinion. The District Court's findings are unclear as to whether the officers failed entirely to knock and announce, did knock and announce but the resident of the trailer was unable to hear the announcement because of the loud knocking, or failed to knock and announce for a sufficient period of time. The government has not asked for a remand for clarification of the District Court's holding. Instead, after all the officers testified that they did knock and announce, the government asks us to find exigent circumstances for the failure to knock and announce. Unless there is a per se rule that all search warrants for drugs may be served without knocking and announcing, which the government does not contend, we are being asked for an advisory opinion. I would remand for more specific findings. The government had not asked for that relief. In view of the foregoing, I concur.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 United States v. Gatewood, 60 F.3d 248, 249 (6th Cir.1995) (citing United States v. Moore, 956 F.2d 843, 847 (8th Cir.1992))
 
 
 [2]
 United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.), cert. denied, 114 S.Ct. 2759 (1994)